1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ray Jones,<br><br>    Plaintiff,<br><br>vs.<br><br>Maricopa County Sheriff's Office, et al.,<br><br>    Defendants. | No. CV 06-0154-PHX-DGC (ECV)<br><br>**ORDER** |

Plaintiff Ray Jones filed a *pro se* Civil Rights Complaint by a Prisoner (Doc. #1) pursuant to 28 U.S.C. § 1983 on January 11, 2006, while incarcerated at the Maricopa County Lower Buckeye Jail. On February 16, 2006, pursuant to Court order, Plaintiff filed a First Amended Complaint (Doc. #6). The Court screened the amended complaint in an Order filed on March 1, 2006 (Doc. #7). In the screening order, the Court ordered Plaintiff to complete and return a service packet within 20 days, after which the U.S. Marshal Service would notify the defendants and effect service. Plaintiff was further directed to immediately advise the Court of any change of address and its effective date. Also in the screening order, Plaintiff was warned that if he failed to timely comply with its provisions, the action would be dismissed pursuant to rule 41(b) of the Federal Rules of Civil Procedure.

More than four months have passed since the Court issued its screening order and Plaintiff has not returned the service packets. The Court docket reflects that mail sent to

Plaintiff has been returned as undeliverable. Having failed to notify the Court of a new address, it appears that Plaintiff has abandoned his claims.

Plaintiff has the general duty to prosecute this case. Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a pro se action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. Id. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as in

Carey, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that pursuant to Rule 41(b) of the Federal Rules of Civil Procedure this action is dismissed without prejudice and the Clerk of the Court shall enter judgment accordingly.

DATED this 25th day of July, 2006.

David G. Campbell
United States District Judge